# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

Lyle W. Cayce
Clerk

No. 11-60558
Summary Calendar

BOBBY TYRONE SIAGIAN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 629 774

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Bobby Tyrone Siagian, a native and citizen of Indonesia, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) denying his motion for reconsideration of the denial of his second motion to reopen his removal proceedings. Siagian argues that the BIA should have granted his motion for reconsideration in light of the Ninth Circuit's decisions in *Sael v. Ashcroft*, 386 F.3d 922 (9th Cir. 2004), *Wakkary v. Holder*, 558 F.3d 1049 (9th Cir. 2009), and *Tampubolon v. Holder*, 598 F.3d 521 (9th Cir.),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*amended and superseded on denial of rehearing*, 610 F.3d 1056 (9th Cir. 2010), which applied a "disfavored group" analysis. He contends that his applications for asylum and withholding of removal should be reconsidered by applying the disfavored group analysis based on his status as a Christian Indonesian and his "perceived status as a Chinese Indonesian."

This court reviews the BIA's denial of a motion for reconsideration under a highly deferential abuse-of-discretion standard. *See Lara v. Trominski*, 216 F.3d 487, 496-97 (5th Cir. 2000); *Osuchukwu v. INS*, 744 F.2d 1136, 1141 (5th Cir. 1984). Under this standard, this court must uphold the BIA's denial of a motion for reconsideration, even if the court "deem[s it] in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu*, 744 F.2d at 1142. The motion for reconsideration must identify a legal or factual error in the BIA's prior decision and must be supported by relevant authority. 8 U.S.C. § 1229a(c)(6); 8 C.F.R. § 1003.2(b)(1).

Generally, a motion to reopen must be filed in the BIA "no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." § 1003.2(c)(2). No time bar applies, however, if the motion is based on "changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence [of change] is material and was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii). Siagian argued in his motion for reconsideration that the Ninth Circuit's decisions in *Wakkary* and *Tampubolon* should have been construed as "changed circumstances" for purposes of exceptions to the time and number limitations on filing motions to reopen.

As the BIA observed in denying Siagian's motion for reconsideration, neither it nor this court has adopted the disfavored group analysis. Ninth

Circuit decisions are not binding precedent in this court. *See Thuri v. Ashcroft*, 380 F.3d 788, 792 (5th Cir. 2004). Moreover, the BIA has "historically followed a court's precedent in cases arising in that circuit." *Matter of Anselmo*, 20 I. & N. Dec. 25, 31 (BIA 1989).

As the BIA determined, Siagian failed to identify in his motion for reconsideration an error of fact or law in the BIA's denial of his motion to reopen on the ground that the Ninth Circuit's decisions applying the disfavored group analysis did not demonstrate an exception to the time and number requirements for reopening removal proceedings. Siagian has not shown that the BIA's denial of his motion for reconsideration was arbitrary, capricious, racially invidious, or utterly without foundation in evidence. *See Osuchukwu*, 744 F.2d at 1142. Thus, "the BIA did not abuse its considerable discretion in refusing to reconsider its denial of reopening." *Lara*, 216 F.3d at 497.

To the extent that Siagian argues that the BIA should have granted his motion for reconsideration because there exists a "pattern and practice" of persecution against Christians in Indonesia and that conditions have worsened for Christians in Indonesia, warranting a finding of a pattern or practice of persecution and changed circumstances, Siagian did not raise these arguments in his motion for reconsideration. Because Siagian has failed to exhaust administrative remedies as to these arguments, this court lacks jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 317-19 (5th Cir. 2009).

Siagian's motion that this court take judicial notice is DENIED.

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART; MOTION DENIED.